1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

9   MY GLOBAL VILLAGE, LLC,                          )
                                                     )          Case No. 2:15-cv-00211-RCJ-NJK
10                                                   )
                  Plaintiff(s),                      )
11                                                   )          ORDER DENYING JOINT MOTION
                                                     )          TO STAY AND DISCHARGING
12  vs.                                              )          ORDER TO SHOW CAUSE
                                                     )
13  FEDERAL NATIONAL MORTGAGE                        )
    ASSOCIATION, et al.,                             )          (Docket Nos. 20, 26)
14                                                   )
                  Defendant(s).                      )
15  _____       )

16          Pending before the Court is an order for the parties to show cause why they failed to comply with

17  the Local Rules.  Docket No. 20.  On April 8, 2015, the Court ordered the parties to show cause in

18  writing, no later than April 15, 2015, why they failed to timely file a stipulated discovery plan.  *Id.*  The

19  Court has received a response from Counter-Defendant Mountain Shadow Homeowners' Association.

20  Docket No. 25.  Counter-Defendant Mountain Shadow Homeowners' Association represents that it has

21  not received any communication from Plaintiff demonstrating the intent to initiate the Fed. R. Civ. P.

22  26(f) conference.  *Id.*, at 3.  On April 15, 2015, Defendant Federal Nation Mortgage Association,

23  Intervenor Federal Housing Finance Agency, and Plaintiff filled a joint motion to stay litigation pending

24  resolution of a motion for summary judgment in *Saticoy Bay, LLC Series 1702 Empire Mine v. Federal*

25  *National Mortgage Association*, No. 2:14-cv-01975-GMN-NJK (D. Nev. filed Dec. 11, 2014).  Docket

26  No. 26.

27          "An overly lenient standard for granting a motion to stay would result in unnecessary delay in

28  many cases."  *Evanston Ins. Co. v. W. Community Ins. Co.*, 2014 U.S. Dist. Lexis 69171, *2 (D. Nev.

May 19, 2014).  A court should not grant a stay absent a showing of hardship if "there is even a fair possibility that the stay . . . will work damage to someone else." *Dependable Highway Express, Inc. v. Navigators Insurance Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007). Therefore, the court must balance the competing interests affected by a stay such as the "hardship or inequity which a party may suffer in being required to go forward." *Lockyer v. State of California*, 398 F.3d 1098, 1110 (9th Cir. 2005).   The case law in this District makes clear that requests to stay all discovery may be granted when: (1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the potentially dispositive motion and is convinced that the plaintiff will be unable to state a claim for relief.  *See Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013).  The movant bears the burden of showing that a stay is warranted.  *See Clinton v. Jones*, 520 U.S. 681, 708 (1997).

The movants have not shown that the requested relief is appropriate here.[1]  The movants argue first that this case should be stayed because separate litigation has been initiated in this District that is similar to the central legal question of this case.  Docket No. 26, at 2-3.  The movants assert that "resolution of the [motion in the separate litigation] *will likely* address a legal question central to this case." *Id.*, at 5 (emphasis added).  The movants further assert that the motion for summary judgment in the separate litigation "will dispose" of Plaintiff's claims in the pending case.  Docket No. 26, at 7. The movants are incorrect.  As Counter-Defendant Mountain Shadow Homeowners' Association correctly points out in its response to the order to show cause, "[t]his Court will not be bound by any decision made by Chief Judge Gloria M. Navarro [in the related litigation]."[2]  Docket No. 25, at 3. Because Chief Judge Navarro's resolution of the motion for summary judgment in the related litigation will be nonbinding authority, it will not be dispositive of this case.

. . .

---

[1] The motion seeks a stay of the case or, in the alternative, a stay of discovery.  Docket No. 26.

[2] The joint motion states that "the HOA has indicated that it does not oppose a stay of discovery." Docket No. 26, at 7.  However, it appears Counter-Defendant Mountain Shadow Homeowners' Association does oppose a stay of litigation.  Docket No. 25, at 3-4 ("In addition, the Association's Motion to Dismiss is currently pending before this Court and should be decided in ordinary course").

Accordingly,

IT IS ORDERED:

1.       The joint motion to stay (Docket No. 26) is hereby **DENIED**.

2.       The order to show cause (Docket No. 20) is hereby **DISCHARGED**.

3.       The parties are **ORDERED** to conduct a  Fed. R. Civ. P. 26(f) conference and submit
         a stipulated discovery plan no later than April 23, 2015.

DATED: April 16, 2015

_____
NANCY J. KOPPE
United States Magistrate Judge

3