UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

|  |  |
|---|---|
| MY GLOBAL VILLAGE, LLC,<br><br>             Plaintiff,<br><br>vs.<br><br>FEDERAL NATIONAL MORTGAGE ASSOCIATION et al.,<br><br>             Defendants. | Case No.: 2:15-cv-00211-RCJ-NJK<br><br>**ORDER** |

This case arises out of a homeowner's association foreclosure sale.  Pending before the Court is a Motion to Dismiss (ECF No. 17).  For the reasons given herein, the Court denies the motion.

**I.     FACTS AND PROCEDURAL HISTORY**

In 2003, non-party Carl D. Carlos purchased real property at 7709 Wedlock Lane, Las Vegas, Nevada 89129 (the "Property"), giving non-party SunTrust Mortgage, Inc. a promissory note in the amount of $181,600, secured by a first deed of trust (the "DOT") against the Property. (*See* Answer & Countercl. ¶ 10, ECF No. 5).  Defendant Federal National Mortgage Association ("Fannie Mae") purchased the promissory note on March 1, 2003 and obtained a separate assignment of the DOT on October 13, 2013, (*id.* ¶¶ 12, 14), although the DOT presumably followed the note to Fannie Mae on March 1, 2003 as a matter of law, *see Edelstein v. Bank of*

*N.Y. Mellon*, 286 P.3d 249, 257 (Nev. 2012).  The Federal Housing Finance Agency ("FHFA") placed Fannie Mae into conservatorship on September 6, 2008. (Answer & Countercl. ¶ 13).  On December 5, 2014, Counterdefendant Mountain Shadow Homeowner's Association, Inc. (the "HOA") sold the Property to Plaintiff My Global Village, LLC at an HOA sale for $138,000, although the fair market value of the Property was over $250,000. (*Id.* ¶¶ 30, 33, 36).

My Global Village sued Fannie Mae and trustee/auctioneer Nevada Association Services, Inc. ("NAS") in state court to quiet title to the Property, for a declaration that the HOA sale extinguished the DOT, for an injunction against Fannie Mae foreclosing under the DOT, and for breach of contract and indemnification against NAS.  Fannie Mae removed.  NAS has not appeared.  Fannie Mae answered and has counterclaimed against Plaintiff and the HOA for declaratory relief that the HOA foreclosure cannot under federal law have extinguished its interest in the DOT, to quiet title to the Property, and, in the alternative, for unjust enrichment. The FHFA intervened as a Defendant, answered, and counterclaimed against Plaintiff, the HOA, and NAS against Plaintiff and the HOA for declaratory relief that the HOA foreclosure cannot under federal law have extinguished its interest in the DOT and to quiet title to the Property.  The HOA has asked the Court to dismiss Fannie Mae's counterclaims.

## II.    DISCUSSION

The HOA argues that the Court has no subject matter jurisdiction over the case, citing Nevada Revised Statutes ("NRS") section 38.310, which reads in full:

No civil action based upon a claim relating to:

(a) The interpretation, application or enforcement of any covenants, conditions or restrictions applicable to residential property or any bylaws, rules or regulations adopted by an association; or

(b) The procedures used for increasing, decreasing or imposing additional assessments upon residential property,

may be commenced in any court in this State unless the action has been submitted to mediation or, if the parties agree, has been referred to a program pursuant to the provisions of NRS 38.300 to 38.360, inclusive, and, if the civil action concerns real estate within a planned community subject to the provisions of chapter 116 of NRS or real estate within a condominium hotel subject to the provisions of chapter 116B of NRS, all administrative procedures specified in any covenants, conditions or restrictions applicable to the property or in any bylaws, rules and regulations of an association have been exhausted.

2. A court shall dismiss any civil action which is commenced in violation of the provisions of subsection 1.

Nev. Rev. Stat. § 38.310.  The Court denies the motion.  The present case does not require the interpretation, application, or enforcement of any CC&R.  Nor does it concern the procedures for adjusting assessments upon residential realty.  The case concerns rather whether federal law limits the operation of NRS section 116.3116.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 17) is DENIED.

IT IS SO ORDERED.

Dated this 30th day of April, 2015.

_____
ROBERT C. JONES
United States District Judge