# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

MY GLOBAL VILLAGE, LLC,

        Plaintiff,

vs.

FEDERAL NATIONAL MORTGAGE ASSOCIATION et al.,

        Defendants.

Case No.: 2:15-cv-00211-RCJ-NJK

**ORDER**

This case arises out of a homeowner's association foreclosure sale. Pending before the Court are a Motion to Dismiss (ECF No. 39) and a Motion for Summary Judgment (ECF No. 34). For the reasons given herein, the Court grants the motions.

**I.    FACTS AND PROCEDURAL HISTORY**

In 2003, non-party Carl D. Carlos purchased real property at 7709 Wedlock Lane, Las Vegas, Nevada 89129 (the "Property"), giving non-party SunTrust Mortgage, Inc. a promissory note in the amount of $181,600, secured by a deed of trust (the "DOT") against the Property. (*See* Answer & Countercl. ¶ 10, ECF No. 5). Defendant Federal National Mortgage Association ("Fannie Mae") purchased the promissory note on March 1, 2003 and obtained a separate assignment of the DOT on October 13, 2013, (*id.* ¶¶ 12, 14), although the DOT had followed the note to Fannie Mae on March 1, 2003 as a matter of law, *see, e.g.*, *Edelstein v. Bank of N.Y.*

*Mellon*, 286 P.3d 249, 257 (Nev. 2012).  The Federal Housing Finance Agency ("FHFA") placed Fannie Mae into conservatorship on September 6, 2008. (Answer & Countercl. ¶ 13).  On December 5, 2014, Counterdefendant Mountain Shadow Homeowner's Association, Inc. (the "HOA") sold the Property to Plaintiff My Global Village, LLC ("MGV") at an HOA sale for $138,000, although the fair market value of the Property was over $250,000. (*Id.* ¶¶ 30, 33, 36).

MGV sued Fannie Mae and trustee/auctioneer Nevada Association Services, Inc. ("NAS") in state court to quiet title to the Property, for a declaration that the HOA sale extinguished the DOT, for an injunction against Fannie Mae foreclosing under the DOT, and for breach of contract and indemnification against NAS.  Fannie Mae removed, answered, and filed a Counterclaim against MGV and the HOA for declaratory relief that the HOA foreclosure cannot under 12 U.S.C. § 4617(j)(3) have extinguished Fannie Mae's interest in the DOT, to quiet title to the Property, and, in the alternative, for unjust enrichment.  NAS separately answered.  The FHFA intervened as a Defendant, answered, and filed a Counterclaim against MGV, the HOA, and NAS for declaratory relief that the HOA foreclosure cannot under 12 U.S.C. § 4617(j)(3) have extinguished its interest in the DOT and to quiet title to the Property. The HOA asked the Court to dismiss Fannie Mae's counterclaims for lack of subject matter jurisdiction, and the Court denied the motion.  The HOA has now asked the Court to dismiss FHFA's counterclaim for failure to state a claim, and the FHFA and Fannie Mae have asked the Court to grant them offensive summary judgment on their counterclaims.

## II.    LEGAL STANDARDS

### A.    Dismissal for Failure to State a Claim

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of

what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

 A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts pertaining to his own case making a violation "plausible," not just "possible." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). That is, under the modern interpretation of Rule 8(a), a plaintiff must not only specify or imply a cognizable legal theory (*Conley* review), but also must allege the facts of his case so that the court can determine whether the plaintiff has any basis for relief under the legal theory he has specified or implied, assuming the facts are as he alleges (*Twombly-Iqbal* review). Put differently, *Conley* only required a plaintiff to identify a major premise (a legal theory) and

conclude liability therefrom, but *Twombly-Iqbal* requires a plaintiff additionally to allege minor premises (facts of the plaintiff's case) such that the syllogism showing liability is logically complete and that liability necessarily, not only possibly, follows (assuming the allegations are true).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

B.   **Summary Judgment**

A court must grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See*

*id.* A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). In determining summary judgment, a court uses a burden-shifting scheme:

> When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case.

*C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations and internal quotation marks omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144 (1970).

If the moving party meets its initial burden, the burden then shifts to the opposing party to establish a genuine issue of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987). In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations unsupported by facts. *See Taylor v. List*, 880 F.2d

1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See* Fed. R. Civ. P. 56(e); *Celotex Corp.*, 477 U.S. at 324.

At the summary judgment stage, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson*, 477 U.S. at 249. The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

### III. ANALYSIS

#### A. The HOA's Motion to Dismiss

"In Nevada, an action to quiet title to real property is permitted pursuant to Nev. Rev. Stat. § 40.010. Such an action requests a judicial determination of all adverse claims to disputed property." *Del Webb Conservation Holding Corp. v. Tolman*, 44 F. Supp. 2d 1105, 1109–10 (D. Nev. 1999) (Pro, J.) (footnote omitted) (citing *Clay v. Scheeline Banking & Tr. Co.*, 159 P. 1081, 1082–83 (Nev. 1916)). Specifically, "[a]n action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim." Nev. Rev. Stat. § 40.010.

The FHFA seeks a declaratory judgment against MGV and the HOA and to quiet title to the Property. The HOA argues that it is not adverse to the FHFA because the issue of whether 12 U.S.C. § 4617(j)(3) preempts Nevada Revised Statutes section ("NRS") 116.3116 such that the HOA's foreclosure sale did not extinguish Fannie Mae's DOT against the Property does not concern any interest of the HOA. The Court agrees. No party disputes that the HOA's lien against the Property has been satisfied via the HOA foreclosure sale, and the FHFA does not

seek to rescind the HOA's sale of the Property. The FHFA simply asks the Court to declare that Fannie Mae's DOT still encumbers the Property despite the HOA's foreclosure sale. Recently, a court of this District dismissed a similar quiet title claim as against an HOA and its agent, because neither entity claimed any interest in the property. *See Bayview Loan Servicing, LLC v. SFR Investments Pool 1, LLC*, No. 2:14-cv-1875, 2015 WL 2019067, at *3 (D. Nev. May 1, 2015) (Mahan, J.) (citing *Anthony v. Todd*, No. 3:14-cv-649, 2015 WL 1334375, at *5 (D. Nev. Mar. 25, 2015) (Jones, J.)). There, as here, the actual dispute as to the title was between the purchaser at the HOA foreclosure sale and the holder of a prior mortgage. *See id.* at *1.

In response, the FHFA argues that the dispute is over the ability of the HOA to convey title to MGV free and clear of Fannie Mae's interest, i.e., the DOT. But that dispute does not implicate any alleged interest of the HOA itself in the Property. Although the FHFA argues that the HOA was prevented by federal law from selling the Property without consent, it does not ask the Court to invalidate and unwind the sale but only to declare that Fannie Mae's DOT survived the sale because the FHFA as conservator of Fannie Mae did not consent to the sale. In a case such as this one, the Court need simply adjudicate the legal effect, if any, of the HOA's sale upon Fannie Mae's DOT. The HOA disclaims any interest in the Property adverse to the FHFA's asserted interest, the Court perceives none, and the FHFA points to none.[1]

---

[1] The fact that the HOA has opposed the FHFA's and Fannie Mae's present motion for summary judgment on the merits does not show the HOA has any interest in the Property or even that the HOA believes it does. Indeed, the Court will not even consider the HOA's opposition to the FHFA's and Fannie Mae's motion, precisely because the HOA has via its own motion to dismiss disclaimed any legal interest in the present controversy. The HOA's practical motivation for arguing the merits of the preemption question is likely because further rulings in this District in favor of the FHFA and Fannie Mae in such circumstances may cast doubt upon whether first mortgages were extinguished not only in this case but also in other past sales yet to be litigated. Purchasers at such sales may seek to blame, *inter alios*, the HOA itself for allegedly warranting or otherwise representing that the first mortgage would not survive the sale.

B.     **FHFA's and Fannie Mae's Motion for Summary Judgment**

The FHFA and Fannie Mae argue that 12 U.S.C. § 4617(j)(3) prevents the sale of any property in which the FHFA, as conservator for Fannie Mae, has an interest without consent. They are correct. "No property of the [FHFA] shall be subject to levy, attachment, garnishment, foreclosure, or sale without the consent of the Agency, nor shall any involuntary lien attach to the property of the Agency." 12 U.S.C. § 4617(j)(3). The provision applies "in any case in which the [FHFA] is acting as a conservator or a receiver." *See id.* § 4617(j)(1). A foreclosure sale under NRS 116.3116, like any other foreclosure sale, therefore requires consent of the FHFA. The FHFA and Fannie Mae do not ask the Court to unwind the sale, but they do ask the Court to rule that the sale did not affect Fannie Mae's DOT against the Property. The Court grants the motion for the reasons given in *Skylights LLC v. Byron*, --- F. Supp. 3d ----, 2015 WL 3887061 (D. Nev. 2015) (Navarro, C.J.). The Court adopts the relevant analysis in that factually and legally indistinguishable case in full and will not reproduce it here. All of the arguments against the application of § 4617(j)(3) made by MGV in its opposition are addressed in *Skylights*. In summary, the Supremacy Clause and § 4617(j)(3) prevent NRS 116.3116 from extinguishing Fannie Mae's DOT in the Property without consent. As in *Skylights*, *see id.* at *2, the FHFA, as conservator of Fannie Mae, never consented to the extinguishment of Fannie Mae's DOT against the Property, (*see* Pollard Decl. ¶¶ 3–4, ECF No. 34-1). MGV has adduced no contrary evidence.

///

///

///

///

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 39) is GRANTED, and Mountain Shadow Homeowner's Association, Inc. is DISMISSED from the case.

IT IS FURTHER ORDERED that the Motion for Summary Judgment (ECF No. 34) is GRANTED.  This result negates Plaintiff's claims against Fannie Mae, and the Court therefore also grants defensive summary judgment to Fannie Mae as against those claims.  The FHFA and Fannie Mae shall SUBMIT a proposed form of judgment, accordingly.  Plaintiff's claims against NAS remain.

IT IS SO ORDERED.

Dated:  July 27, 2015

_____
ROBERT C. JONES
United States District Judge