# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

|  |  |
|---|---|
| MY GLOBAL VILLAGE, LLC, | ) |
| Plaintiff, | ) 2:15-cv-00211-RCJ-NJK |
| vs. | ) |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION et al., | ) **ORDER** |
| Defendants. | ) |

This case arises out of a homeowner's association foreclosure sale. In 2003, non-party Carl D. Carlos purchased real property at 7709 Wedlock Lane, Las Vegas, Nevada 89129 ("the Property"), giving non-party SunTrust Mortgage, Inc. a promissory note in the amount of $181,600 ("the Note"), secured by a deed of trust ("the DOT") against the Property. (*See* Answer & Countercl. ¶ 10, ECF No. 5). Defendant Federal National Mortgage Association ("Fannie Mae") purchased the Note on March 1, 2003 and obtained a separate assignment of the DOT on October 13, 2013, (*id.* ¶¶ 12, 14), although the DOT had followed the Note to Fannie Mae on March 1, 2003 as a matter of law, *see, e.g.*, *Edelstein v. Bank of N.Y. Mellon*, 286 P.3d 249, 257 (Nev. 2012). The Federal Housing Finance Agency ("FHFA") placed Fannie Mae into conservatorship on September 6, 2008. (Answer & Countercl. ¶ 13). On December 5, 2014, Counterdefendant Mountain Shadow Homeowner's Association, Inc. ("the HOA") sold the

Property to Plaintiff My Global Village, LLC ("MGV") at an HOA sale for $138,000, although the fair market value of the Property was over $250,000. (*Id.* ¶¶ 30, 33, 36).

MGV sued Fannie Mae and trustee/auctioneer Nevada Association Services, Inc. ("NAS") in state court to quiet title to the Property, for a declaration that the HOA sale extinguished the DOT, for an injunction against Fannie Mae foreclosing under the DOT, and for breach of contract and indemnification against NAS. Fannie Mae removed, answered, and filed a Counterclaim against MGV and the HOA for declaratory relief that the HOA foreclosure cannot have extinguished Fannie Mae's interest in the DOT under 12 U.S.C. § 4617(j)(3), to quiet title to the Property, and, in the alternative, for unjust enrichment. NAS separately answered. The FHFA intervened as a Defendant, answered, and filed a Counterclaim against MGV, the HOA, and NAS for declaratory relief that the HOA foreclosure cannot have extinguished its interest in the DOT and to quiet title to the Property under 12 U.S.C. § 4617(j)(3). The HOA asked the Court to dismiss Fannie Mae's counterclaims for lack of subject matter jurisdiction, and the Court denied the motion. The HOA later asked the Court to dismiss FHFA's counterclaim for failure to state a claim, and the FHFA and Fannie Mae asked the Court to grant them offensive summary judgment on their counterclaims. The Court granted the HOA's motion and dismissed it from the case because it disclaimed any interest in the Property. The Court also granted the FHFA's and Fannie Mae's motion and ordered them to submit a proposed form of judgment. They complied, and the Court entered the judgment. Only MGV's claims against NAS remained at that point. The parties have informed the Court that the remaining claims have been resolved.

///

///

**CONCLUSION**

IT IS HEREBY ORDERED that the claims by My Global Village, LLC against Nevada Association Services, Inc. are DISMISSED with prejudice under Rule 41(a)(2).

IT IS FURTHER ORDERED that the Clerk shall close the case.

IT IS SO ORDERED.

Dated this 6th day of January, 2017.

_____
ROBERT C. JONES
United States District Judge